Edward S. Antar (NJ Attorney ID: 009462011)
Law Offices of Edward S. Antar
44 Court Street, Suite 1207
Brooklyn, NY 11201
(212) 388-0900
edward@antar.law

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ABRAHAM BEYDA AND SARAH BEYDA,<br><br>Plaintiffs,<br><br>vs.<br><br>PRIME KOSHER SPORTS INC., D/B/A PKS BY THE SHORE; ABC CORPORATIONS 1-10; AND JOHN DOES 1-10,<br><br>Defendants. | File No.: ____________________ |

Plaintiffs, by their attorneys, the Law Offices of Edward S. Antar, Esq., complaining of the Defendants, respectfully show to this court and allege as follows:

## NATURE OF THE CASE

1. This action is respectively brought by ABRAHAM BEYDA and his wife SARAH BEYDA to recover for personal injuries and non-economic and economic damages sustained by ABRAHAM BEYDA, and for loss of consortium and services of his wife SARAH BEYDA, as a result of the ingestion of tainted, contaminated, adulterated, and unwholesome food purchased from the defendant that was unsafe and/or otherwise

unfit for human consumption.

**A.**

**The Parties, Diversity of Citizenship, and Jurisdictional Amount.**

2. The Plaintiffs, ABRAHAM BEYDA and his wife SARAH BEYDA are citizens of the State of New Jersey.

3. Upon information and belief, the Defendant, PRIME KOSHER SPORTS INC. d/b/a PKS BY THE SHORE ("PKS") is a New York corporation with its principal offices and place of business located in the County of Kings, City and State of New York.

4. This is an action between citizens of different states as defined by 28 U.S.C. § 1332(a)(2).

5. The cause of action over which the Court has original jurisdiction pursuant to 28 U.S.C. §1332, and the amount in controversy exceeds $75,000 exclusive of interest and costs, and that it is between citizens of different states or of a foreign state, and pendent and/or ancillary state law claims arising out of a common nucleus of operative facts.

**JURISDICTION AND VENUE**

6. This Court has subject-matter jurisdiction over this civil action.

7. Personal jurisdiction over the Defendant comports with the United States Constitution and is founded upon the Defendant's presence in the forum state in which this action is brought

8. Venue is proper in Monmouth County because Plaintiff resides in Monmouth County, the subject food was delivered and consumed in Monmouth County, Plaintiff sustained injury in Monmouth County, and/or one or more Defendants conduct business in Monmouth County.

9. Venue is laid in the District of New Jersey, the judicial district in which the Defendant's acts have been committed, as well as it being the location of Plaintiffs' place of residence.

**GENERAL AND FACTUAL ALLEGATIONS**

Plaintiff Abraham Beyda is an adult individual residing in the State of New Jersey.

10 Plaintiff Sarah Beyda is the lawful spouse of Plaintiff Abraham Beyda and asserts a derivative per quod claim arising from the injuries and damages sustained by Abraham Beyda, as more particularly alleged herein.

11. Upon information and belief, Defendant PRIME KOSHER SPORTS INC. d/b/a PKS BY THE SHORE ("PKS") is a New York corporation with its principal offices and place of business located in the County of Kings, City and State of New York. PKS is registered and authorized to transact business in the State of New Jersey as a foreign corporation and, at all relevant times, was engaged in the business of preparing, handling, packaging, supplying, marketing, selling and/or delivering food products to members of the public.

12. Upon information and belief, Defendant PKS owned, operated, managed, maintained, controlled and/or supervised the restaurant and food-service operation known

as PKS By The Shore from which the subject food was ordered, prepared, supplied, sold and/or delivered.

13. Pursuant to R. 4:26-4, ABC Corporations 1-10 are fictitiously named corporations, limited liability companies, partnerships, business entities, vendors, suppliers, distributors, contractors, subcontractors and/or other entities whose true identities are presently unknown to Plaintiffs and who participated in, were responsible for, and/or exercised control over the preparation, handling, storage, packaging, supply, distribution and/or sale of the food products at issue in this action. Plaintiffs will amend this Complaint to substitute the true names of such parties when their identities are ascertained through discovery.

14. Pursuant to R. 4:26-4, John Does 1-10 are fictitiously named individuals whose true identities are presently unknown to Plaintiffs and who participated in, were responsible for, and/or exercised control over the preparation, handling, storage, packaging, supply, distribution and/or sale of the food products at issue in this action. Plaintiffs will amend this Complaint to substitute the true names of such individuals when their identities are ascertained through discovery.

15. On or about April 30, 2026, food intended for consumption by Plaintiff Abraham Beyda and/or members of his household was ordered and purchased from Defendant PKS through the Uber Eats platform.

16. The subject food was picked up from Defendant PKS and transported and delivered to Plaintiff's residence in Monmouth County, New Jersey, for consumption.

17. The subject food was prepared, handled, packaged, supplied and/or sold by Defendants, their employees, agents, contractors and/or other persons or entities acting on their behalf or in connection with the subject food.

18. Plaintiff consumed the subject food substantially in the condition in which it was prepared, packaged, supplied and sold, and in which it was delivered to him.

19. Following consumption of the subject food, Plaintiff became severely ill and began experiencing significant gastrointestinal symptoms, including, but not limited to, severe diarrhea, weakness and other symptoms.

20. Plaintiff's condition thereafter worsened to the point that emergency medical treatment and hospitalization became necessary.

21. Plaintiff underwent extensive medical evaluation, diagnostic testing, treatment and monitoring as a result of his illness.

22. Plaintiff was hospitalized on three separate occasions in connection with the subject illness, including an admission to an Intensive Care Unit.

23. Upon information and belief, the subject food prepared, handled, packaged, supplied and/or sold by Defendants was contaminated, adulterated, unwholesome, unsafe and/or otherwise unfit for human consumption.

24. Upon information and belief, the contamination and unsafe condition of the subject food existed prior to its consumption by Plaintiff.

25. Upon information and belief, the contamination and unsafe condition of the subject food resulted from one or more acts and/or omissions of one or more Defendants in connection with the preparation, handling, storage, packaging, supply, distribution and/or sale of the subject food.

26. The precise manner and mechanism by which the subject food became contaminated, and the identities and respective acts and/or omissions of the persons and entities responsible therefor, are not presently known to Plaintiffs and will be the subject of discovery.

27. Plaintiff consumed the subject food in its intended and reasonably foreseeable manner.

28. As a direct and proximate result of consuming the contaminated, adulterated and/or unsafe food prepared, supplied and/or sold by Defendants, Plaintiff sustained severe and serious illness and injuries.

29. As a direct and proximate result thereof, Plaintiff has suffered and continues to suffer bodily injuries, pain and suffering, disability, emotional distress, inconvenience, loss of enjoyment of life, medical expenses, economic losses and other damages.

## FIRST COUNT
## NEGLIGENCE

30. Plaintiffs repeat and reallege each of the preceding paragraphs as though fully set forth herein.

31. Defendants, individually and through their employees, agents, servants, contractors and/or other persons acting on their behalf, owed Plaintiff a duty to exercise

reasonable care in the preparation, cooking, handling, storage, inspection, sanitation, packaging and sale of food intended for human consumption.

32. Defendants further owed Plaintiff a duty to operate, manage and supervise their food-service operations in a reasonably safe and sanitary manner so as to avoid exposing consumers, including Plaintiff, to contaminated, adulterated, unwholesome and/or unsafe food.

33. Defendants knew or reasonably should have known that the failure to exercise reasonable care in connection with the preparation, cooking, handling, storage, inspection, sanitation, packaging and sale of food could result in contamination and serious illness to consumers.

34. Defendants were negligent and careless in the preparation, cooking, handling, storage, inspection, sanitation, packaging and sale of the subject food, and otherwise failed to exercise reasonable care to prevent the subject food from becoming or remaining contaminated, adulterated, unwholesome and/or unsafe for human consumption.

35. Defendants were further negligent and careless in the operation, management, supervision and/or maintenance of their food-service operations and in failing to comply with applicable food-safety laws, regulations and standards.

36. The precise acts and/or omissions which caused or contributed to the contamination and unsafe condition of the subject food, and the identities of the persons and entities responsible therefor, are not presently known to Plaintiffs and will be the subject of discovery.

37. As a direct and proximate result of Defendants' negligence and Plaintiff's consumption of the subject food, Plaintiff sustained the severe illness, injuries and damages alleged herein.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages, together with interest, costs of suit, and such other relief as the Court deems just and proper

**SECOND COUNT**
**STRICT PRODUCTS LIABILITY**

38. Plaintiffs repeat and reallege each of the preceding paragraphs as though fully set forth herein.

39. The subject food prepared and sold by Defendant PKS, and/or manufactured, supplied or distributed by such other Defendants as discovery may establish, constituted a product within the meaning of the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1 et seq.

40. Defendant PKS prepared and sold the subject food for human consumption, and one or more presently unidentified Defendants may have manufactured, supplied, distributed and/or otherwise placed the subject food or its ingredients into the stream of commerce.

41. The subject food was defective and was not reasonably fit, suitable or safe for its intended purpose of human consumption in that it was contaminated, adulterated, unwholesome and/or otherwise unsafe for human consumption.

42. The defective and unsafe condition of the subject food existed prior to its consumption by Plaintiff and was not caused by any material alteration or misuse by Plaintiff.

43. Plaintiff consumed the subject food in its intended and reasonably foreseeable manner.

44. As a direct and proximate result of the defective and unsafe condition of the subject food, Plaintiff sustained the severe illness, injuries and damages alleged herein.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages, together with interest, costs of suit, and such other relief as the Court deems just and proper.

**THIRD COUNT**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

45. Plaintiffs repeat and reallege each of the preceding paragraphs as though fully set forth herein.

46. Defendant PKS, and such other Defendants as discovery may establish, were merchants engaged in the business of preparing, supplying, selling and/or distributing food intended for human consumption.

47. Pursuant to N.J.S.A. 12A:2-314, in connection with the sale of the subject food, Defendants impliedly warranted that the subject food was merchantable, wholesome and fit for its ordinary and intended purpose of human consumption.

48. The subject food was not merchantable, wholesome or fit for human consumption because it was contaminated, adulterated, unsafe and/or otherwise unfit for its ordinary and intended purpose.

49. Defendants thereby breached the implied warranty of merchantability applicable to the subject food.

50. As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff sustained the severe illness, injuries and damages alleged herein.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages, together with interest, costs of suit, and such other relief as the Court deems just and proper.

**FOURTH COUNT**
**NEGLIGENCE — VIOLATION OF APPLICABLE FOOD-SAFETY STATUTES AND REGULATIONS**

51. Plaintiffs repeat and reallege each of the preceding paragraphs as though fully set forth herein.

52. At all times relevant hereto, Defendants were subject to applicable statutes, regulations and food-safety requirements governing the preparation, handling, distribution and sale of food intended for human consumption, including the New Jersey Food and Drug Act, N.J.S.A. 24:1-1 *et seq*.

53. Defendant PKS prepared, handled and sold the subject food for human consumption, and such other Defendants as discovery may establish supplied and/or distributed the subject food or its ingredients.

54. The subject food was contaminated, adulterated, unwholesome, unsafe and/or otherwise unfit for human consumption.

55. Defendants violated applicable statutes, regulations and food-safety requirements in connection with their respective roles in the preparation, handling, storage, packaging, supply, distribution and/or sale of the subject food.

56. Such violations constitute evidence of Defendants' negligence and breach of the duties owed to Plaintiff.

57. As a direct and proximate result of Defendants' negligence, Plaintiff sustained the severe illness, injuries and damages alleged herein.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages, together with interest, costs of suit, and such other relief as the Court deems just and proper.

**FIFTH COUNT**
**LOSS OF CONSORTIUM / PER QUOD**

58. Plaintiffs repeat and reallege each of the preceding paragraphs as though fully set forth herein.

59. At all times relevant hereto, Plaintiff Sarah Beyda was and remains the lawful spouse of Plaintiff Abraham Beyda.

60. As a direct and proximate result of the injuries sustained by Plaintiff Abraham Beyda, Plaintiff Sarah Beyda has suffered and will continue to suffer the loss of his services, society, companionship, comfort, consortium and other per quod damages.

**WHEREFORE**, Plaintiff Sarah Beyda demands judgment against Defendants for compensatory damages, together with interest, costs of suit, and such other relief as the Court deems just and proper.

## SIXTH COUNT
## RES IPSA LOQUITUR

61. Plaintiffs repeat and reallege each of the preceding paragraphs as though fully set forth herein.

62. The contamination, adulteration and/or unsafe condition of food prepared, handled, supplied and sold for human consumption under the circumstances alleged herein is an occurrence that ordinarily does not occur in the absence of negligence.

63. The preparation, handling, storage, sanitation, packaging and other instrumentalities, processes and conditions which caused or contributed to the contamination and unsafe condition of the subject food were within the exclusive control of Defendants and/or one or more of them at the time the negligent condition was created.

64. Plaintiff did not cause or contribute to the contamination, adulteration or unsafe condition of the subject food.

65. The circumstances surrounding Plaintiff's illness and injuries permit an inference that the contamination and unsafe condition of the subject food resulted from the negligence of Defendants and/or one or more of them.

66. As a direct and proximate result thereof, Plaintiff sustained the severe illness, injuries and damages alleged herein.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages, together with interest, costs of suit, and such other relief as the Court deems just and proper.

## SEVENTH COUNT
## NEGLIGENCE PER SE / VIOLATION OF STATUTES AND REGULATIONS

67. Plaintiffs repeat and reallege each of the preceding paragraphs as though fully set forth herein.

68. At all times relevant hereto, Defendants, in their respective roles, were subject to applicable statutes, regulations, ordinances and food-safety requirements governing the preparation, handling, storage, sanitation, packaging, supply, distribution and/or sale of food intended for human consumption.

69. Such statutes, regulations and requirements were enacted and promulgated, among other purposes, to protect consumers, including Plaintiff, from contaminated, adulterated, unwholesome and unsafe food and resulting foodborne illness.

70. Defendants violated one or more applicable statutes, regulations, ordinances and/or food-safety requirements in their respective roles in connection with the preparation, handling, storage, sanitation, packaging, supply, distribution and/or sale of the subject food.

71. Plaintiff was within the class of persons intended to be protected by such statutes, regulations and requirements, and the illness and injuries sustained by Plaintiff were of the type such provisions were intended to prevent.

72. Defendants' violations constitute negligence per se and/or evidence of negligence and breach of the duties owed to Plaintiff.

73. As a direct and proximate result of Defendants' violations and negligence, Plaintiff sustained the severe illness, injuries and damages alleged herein.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages, together with interest, costs of suit, and such other relief as the Court deems just and proper.

## EIGHTH COUNT
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

74. Plaintiffs repeat and reallege each of the preceding paragraphs as though fully set forth herein.

75. In the alternative, pursuant to N.J.S.A. 12A:2-315, Defendants knew or had reason to know the purpose for which Plaintiff purchased the subject food and that Plaintiff was relying upon Defendants’ skill and judgment to furnish food suitable and safe for that purpose.

76. Plaintiff relied upon Defendants’ skill and judgment in selecting, preparing, supplying and selling food that was fit and safe for such purpose.

77. Defendants impliedly warranted that the subject food was fit and safe for the purpose for which it was purchased.

78. The subject food was not fit or safe for such purpose because it was contaminated, adulterated, unwholesome, unsafe and/or otherwise unfit for human consumption.

79. Defendants thereby breached the implied warranty of fitness for a particular purpose.

80. As a direct and proximate result of Defendants' breach, Plaintiff sustained the severe illness, injuries and damages alleged herein.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory damages, together with interest, costs of suit, and such other relief as the Court deems just and proper.

## PUNITIVE DAMAGES

Plaintiffs demand punitive damages pursuant to N.J.S.A. 2A:15-5.9 et seq., to the extent discovery establishes that one or more Defendants acted with actual malice and/or a wanton and willful disregard of persons who foreseeably might be harmed by their conduct.

Plaintiffs presently lack access to information concerning Defendants' internal food-safety practices, prior incidents, inspections, violations, knowledge, communications and other matters bearing upon entitlement to punitive damages, which matters will be the subject of discovery.

## PRESERVATION OF EVIDENCE

Defendants are hereby placed on continuing notice of their obligation to preserve all documents, electronically stored information, records, communications, photographs, video, food-safety records, inspection records, supplier records, employee records, food samples and other evidence relating to the preparation, handling, storage, packaging, sale and condition of the subject food and the events alleged herein.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants for:

A. Compensatory damages;

B. Past and future medical expenses;

C. Past and future pain and suffering;

D. Emotional distress, disability and loss of enjoyment of life;

E. Past and future economic losses;

F. Loss of consortium and per quod damages on behalf of Plaintiff Sarah Beyda;

G. Punitive damages to the extent permitted by law;

H. Interest and costs of suit; and

I. Such other and further relief as the Court deems just and proper

**JURY DEMAND**

Plaintiffs hereby demand trial by jury on all issues so triable.

Dated this 9th day of October, 2026.

*<u>/s/ Edward S. Antar</u>*
Edward S. Antar, Esq.